| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LAJAZZ A. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>L. VALENCIA,<br><br>    Defendant. | Case No. 16-cv-06577-YGR (PR)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; AND SCHEDULING MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff LaJazz A. Smith, a transgender inmate currently incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging a violation of her constitutional rights by SVSP Correctional Officer L. Valencia. Plaintiff seeks injunctive relief and monetary damages.

The parties are presently before the Court on Defendant's motion to dismiss, in which Defendant asserts this action must be dismissed for failure to state a claim. Dkt. 24. Plaintiff has filed an opposition to Defendant's motion, and Defendant has filed a reply. Dkts. 27, 28. Plaintiff has filed an unsolicited surreply to Defendant's reply. Dkt. 29. Defendant has filed a motion to strike the surreply. Dkt. 31.

Having read and considered the papers submitted and being fully informed, the Court hereby DENIES Defendant's motion to dismiss, DENIES as moot the motion to strike Plaintiff's surreply, and sets a new briefing schedule.

## II. DISCUSSION

### A. Background

The following background is taken from the May 8, 2017 Order Serving Cognizable Claim, which was issued by Magistrate Judge Kandis A. Westmore:

> Plaintiff's complaint alleges the following: Plaintiff is a transgender individual. Officer Valencia discriminates against Plaintiff on the basis of her gender. For instance, Officer Valencia harasses Plaintiff on a daily basis by calling her "bitches/gay, fags and boys" and tells other inmates how Plaintiff was raped. Valencia has put Plaintiff

"on the wall" and dug her nails into Plaintiff's right arm.

Liberally construed, the allegations appear to give rise to a cognizable Fourteenth Amendment equal protection claim and a cognizable Eighth Amendment excessive force claim.

Dkt. 10 at 2.

### B. Legal Standard for Motion to Dismiss

Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678-83 (2009) (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials purposely adopted a policy of classifying post-September-11 detainees as "'of high interest' because of their race, religion, or

2

national origin" over more likely and non-discriminatory explanations).

That being said, a *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Conclusory allegations of law are insufficient to defeat a Rule 12(b)(6) motion. *Id.* at 679. In deciding a Rule 12(b)(6) motion, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688-89 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Id.* at 688. The court need not accept as true allegations that contradict facts which may be judicially noticed by the court. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).

### C. Analysis

Defendant argues that the complaint fails to state a claim upon which relief may be granted. *See* Dkt. 24. In this respect, the motion seeks to have the Court revisit a decision already made, as Magistrate Judge Westmore (in her May 8, 2017 Order) has decided that the complaint did state a claim upon which relief may be granted. *See* Dkt. 10 at 2. As mentioned above, Magistrate Judge Westmore did an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." *Id.* Magistrate Judge Westmore determined that, "[l]iberally construed, the allegations appear to give rise to a cognizable Fourteenth Amendment equal protection claim and a cognizable Eighth Amendment excessive force claim." *Id.*

To seek reconsideration of an interlocutory order, such as the decision in the May 8, 2017

3

Order with regard to whether the complaint stated a claim upon which relief may be granted, Defendant had to comply with Local Rule 7-9(a). Here, Defendant did not do so. Defendant did not obtain leave of court to file a motion for reconsideration, and made no argument in the attached brief that would suggest that Defendant could pass the test for such permission. That is, Defendant did not show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N. D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, Defendant would have the problem that a pleading challenge following a section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that *pro se* complaints be liberally construed. *See Twombly*, 550 U.S. at 570; *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) ("'*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

Accordingly, the Court DENIES Defendant's motion to dismiss. Dkt. 24. Again, Plaintiff's allegations in her complaint, when liberally construed, appear to state cognizable claims for relief. Defendant's grounds for dismissal are more properly raised in a motion for summary judgment. Accordingly, the parties shall abide by the briefing schedule outlined below.

### III. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Defendant's Motion to Dismiss is DENIED. Dkt. 24. Defendant's motion to strike the surreply is DENIED as moot. Dkt. 31.

4

2. No later than **sixty (60) days** from the date of this Order, Defendant shall file a motion for summary judgment. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

3. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.*[2] If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, she must be prepared to produce *evidence* in support of those allegations when she files her opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from Defendant and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of her complaint.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions for summary judgment. *Woods*, 684 F.3d at 935.)

5. Defendant shall file a reply brief no later than **fourteen (14) days** after the date

---

[2] In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

6

Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. This Order terminates Docket No. 24 and 31.

IT IS SO ORDERED.

Dated: February 16, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

7