| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

LAJAZZ A. SMITH,

    Plaintiff,

v.

L. VALENCIA,

    Defendant.

Case No. 16-cv-06577-YGR (PR)

**ORDER OF DISMISSAL**

Plaintiff LaJazz A. Smith, a former California prisoner proceeding *pro se*, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. On November 16, 2018, the Court ordered as follows:

> In the present case, Plaintiff informed the Court that as of July 16, 2018, she was released from custody and that her new address was as follows: 974 N. Lafayette, Apt. 104, Fresno, CA 93728. *See* Dkt. 52 at 1. Plaintiff has not communicated with the Court since that date. Defendant's counsel has informed the Court that she has been unable to communicate with Plaintiff since July 31, 2018 and that Plaintiff's "current whereabouts are unknown." *See* Dkt. 58 at 3; Oct. 18, 2018 Bajwa Decl. ¶¶ 4-7. Counsel has further informed the Court that she has been unsuccessful in contacting Plaintiff by telephone and by using the address above. *See* Nov. 5, 2018 Bajwa Decl. ¶¶ 3-5.
>
> No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide a current address at which mail may be sent to her. Failure to do so will result in the dismissal of this action for failure to prosecute and/or failure to comply with Local Rule 3-11, which requires that "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court . . . a Notice of Change of Address specifying the new address."

Dkt. 61 at 1 (emphasis in original).

To date, Plaintiff has filed no response to the Court's Order, and the deadline for doing so has passed. A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendant(s); (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).[1] The first three factors, above, weigh in favor of dismissal in light of the amount of time that has passed—over five months—without Plaintiff filing anything in this matter, including her not responding to the Court's November 16, 2018 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall close the file and terminate all pending motions as moot, including Defendant's Motion for Summary Judgment (dkt. 42) and Motion to Stay Discovery (dkt. 54) as well as Plaintiff's motion entitled, "Motion for a Request for a Court Order" (dkt. 51 filed on June 25, 2018), in which she had requested the Court to order the production of certain documents.

This Order terminates Docket Nos. 42, 51, and 54.

IT IS SO ORDERED.

Dated: 12/19/2018

YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[1] The court should also afford the litigant prior notice of its intention to dismiss, *id.* at 133, as this Court has done.